# UNITED STATES DISTRICT COURT

# MIDDLE   DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RAY S. DAUGHERTY AND** | * | **DOCKET NO.:** |
| **ROBYN D. DAUGHERTY** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE JUDGE:** |
| **CASUALTY COMPANY** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

## I.  PROCEDURAL HISTORY

### 1.

Plaintiffs Ray S. Daugherty and Robyn D. Daugherty filed a "*Petition for Damages and Breach of Contract* in the 19th Judicial District Court, Parish of East Baton Rouge, for the State of Louisiana, against State Farm Fire and Casualty Company, ("State Farm") on January 29, 2024. The case was captioned "*Ray S. Daugherty and Robyn D. Daugherty*." (*See* Exh. A, State Court Record and Service Documents Bates Stamped Pages 1 to 10, Petition for Damages p. 1-6; Citation and Proof of Service upon State Farm through the La. Secretary of State on February 16, 2024 p. 7). State Farm was served through its statutory agent the Louisiana Secretary of State on February 16, 2024, with the La. Secretary of State forwarding the petition on February 19, 2024 to State Farm's agent Corporation Service Company, with receipt by Corporation Service Company on February 21, 2024. (*Id*.; Exh. A. Service Documents p. 7 to 10).

1

**2.**

Plaintiffs own a home located at 1701 Louray Drive in Baton Rouge, LA  in East Baton Rouge Parish which was insured under State Farm homeowners policy No. 18-B78-T762-5. (Exh. A Petition  at ¶1; p. 1; ¶9 p.5). Plaintiffs assert in the petition that their home suffered storm related damages from wind created openings, hail, and other damages. (*Id*. at p. 1 ¶13-17).  Plaintiff seeks damages for breach of contract, penalties, and attorney's the breach of duty of good faith and fair dealing, as well as damages for mental anguish and other items. (*Id*. at p. 2-4 ¶9-13).

**3.**

State Farm removes this action from the 19th Judicial Court,  Parish of East Baton Rouge, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

**II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

**4.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States.

**5**.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H*

*Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).  The petition and facts set forth in this Notice of Removal establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

**A.  All parties are diverse in citizenship**

**6.**

Plaintiff are citizen of Louisiana who are domiciled in East Baton Rouge Parish.  (Exh. A at p. 1, Petition at Preamble).

**7.**

State Farm is a foreign insurance corporation incorporated under the laws of the State of Illinois which has its principal place of business in the State of Illinois. State Farm is a citizen of the State of Illinois.    There is diversity amongst all parties.

**B.  The amount in controversy exceeds $75,000**

**8.**

Plaintiffs asserts that State Farm received proofs of loss in the amount to of $253,334.70. [1]State Farm adjusted the total damages below the policy deductible of $4,971. (Exh. A at p. 2, Petition at ¶5-6). State Farm has not paid any amounts on the claim.

**9.**

In the petition, Plaintiff seeks penalties and attorney's fees pursuant to La. R.S. 22:1892 and La. R.S. 22:1973. (Exh. A. Petition at p. 7-9 ¶ 23-35).  If this Court should find that Plaintiff is owed the remaining $253,334.70 in dispute between Plaintiff's estimate and State Farm's estimate,  the fifty-percent penalty pursuant to La. R.S. 22:1892 is $126,667.40.  This would raise the amount in dispute to $379,001.

---

[1]  Plaintiffs submitted a public adjuster estimate from Property Insurance Experts in the amount of $226,865.88 for the dwelling; $22,730.27 for the other structures; and $3,738.56 for additional living expenses.

**10**.

Plaintiffs seek damages for mental anguish which may be awarded pursuant to La. R.S.22:1973.  La. R.S. 22:1973 provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. Rev. Stat. 22:1973(C).  Judges within this district have determined:

> The Louisiana Supreme Court has held that the "damages sustained" referenced in La. Rev. Stat. 22:1973(C) are not contractual damages, but the separate damages incurred for an insurer's breach of its duty of good faith and fair dealing imposed by La. Rev. Stat. 22:1973. *Durio v. Horace Mann Ins. Co*., 74 So.3d 1159, 1170–71(La.2011); *see Washington v. Liberty Mut. Fire Ins. Co.,* 12–746, 2012 WL 3096046, at *2 (W.D. La. July 30, 2012) ("The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed.") (citing *Durio,* 74 So.3d at 1170–71). Accordingly, the court may not simply double the $53,000 in contractual damages sought to find that the amount in controversy is satisfied.
>
> Damages for mental anguish may be awarded under La. R.S.§ 22:1973 for breaches of the duty of good faith. *Dickerson v. Lexington Ins. Co*., 556 F.3d 290, 304 (5th Cir.2000)). Significant mental anguish damages have been awarded under La. R.S. § 22:1973 where insurers failed to pay on homeowner's policies. *See, e.g., Dickerson,* 556 F.3d 290, 304–06 (affirming award of $25,000 for mental anguish); *Orellana v. Louisiana Citizens Prop. Ins. Co.,* 972 So.2d 1252 (La.App. 4th Cir.2007) (affirming award of $125,000 for "mental anguish, stress, and inconvenience"). Similarly, in denying a motion to remand, this court has estimated a general damages award for mental anguish and inconvenience relating to bad faith denial of an automobile insurance claim on a stolen car worth $30,000 to be at least $7,000, and the corresponding statutory penalty to be $14,000. *See Powell v. Essentia Ins. Co.,* No. 13–369, 2013 WL 5839329, at *1 (M.D.La. Oct. 30, 2013).
>
> *Brown v. Globe Life and Accident Ins. Co.*, 15-384, 2015 WL 6459698 at *4-5 (M.D. La. September 29, 2015) (Bourgeois, M.J.) *adopting report and recommendation* 2015 WL 6456567 (M.D. La. Oct. 26, 2015) (Jackson, J.) (footnote omitted).

**11.**

Plaintiffs may choose to recover penalties pursuant to La. R.S. 22:1973 rather than the penalty of fifty-percent of the contractual amounts claimed due under La. R.S. 22:1892.[2] Thus if Plaintiffs were to be awarded $25,000 each; an award on the lower end of those set forth above[3], the potential penalty awarded to each plaintiff would be $50,000 per plaintiff, for a potential award of $75,000 per plaintiff prior to the calculation of attorney's fees.

**12.**

The amount in dispute and potential penalties whether calculated pursuant to La. R.S. 22:1892 or La. R.S. 22:1973 clearly exceeds $75,000 exclusive of interests and costs.

### III.    STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

**13**.

State Farm was served with the petition through its statutory agent for Service of Process, the Louisiana Secretary of State on February 16, 2024.  (See Exh. A Service Return at page 7  ). The Secretary of State forwarded the petition to State Farm on February 19, 2024. (See Exh. A. Letter from Secretary of State at p.8  ).   Corporation Service Company ("CSC") received the petition as State Farm's agent on February 21, 2024. (See  Exh. A  Notice of Service from CSC dated August 24, 2023 at p.9).   "[C]ourts in the Fifth Circuit have held that the time for removal

---

[2]  An insured cannot recover under both penalties, but can receive only the more favorable penalty.  *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So. 2d 170 (La. 2000); Mc Kenzie and Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice §11.14 (4th Ed).   If the more favorable penalty is available under La. R.S. 22:1973, then the insured may recover attorney's fees under La. R.S. 22:1892. *Id.*

[3]  The most recent jury award for penalties pursuant to La. R.S. 22:1973 for mental and emotional distress for failure to make payments to insureds within 60 days of receipt of satisfactory proof of loss, such failure determined to be arbitrary and capricious was an award of $65,000 per plaintiff insured, with a penalty of $130,000 per insured plus attorney's fees in *Guillory v. Louisiana Farm Bureau Casualty Insurance Company,* 371 So. 3d 1202 (La. App. 3rd Cir. 10/4/23) , a suit arising from a homeowners' claim for Hurricane Laura and Delta damage to a residence before a Calcasieu Parish jury resulting in a verdict in favor of Plaintiffs on May 19, 2022 for mental anguish and emotional distress in the amount of $260,000 and attorney's fees in the amount of $152,978.60.

commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

### 14.

This Notice of Removal is filed within thirty (30) days after service of the petition on State Farm through its agent CSC on February 21, 204.

### 15.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a) (2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between   citizens of a state and citizens or subjects of a foreign state.

### 16.

The 19th Judicial District Court for the Parish of East Baton Rouge State of Louisiana, is located within the  Middle District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue

is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**17.**

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date, along with service documents are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and the Clerk of Court for the19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

## IV.    CONCLUSION

**18.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**19**.

State Farm reserves the right to supplement or amend this Notice of Removal.

**20.**

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

**21**.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*

**CHARLES L. CHASSAIGNAC, IV**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH  (#33060)**
**ANTHONY C. HEWITT (#39214)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com
ahewitt@phjlaw.com
*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 15th day of March, 2024 a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiffs Ray S. Daugherty and Robyn D. Daugherty**
*Through their Counsel of Record – via email*
Richard A. Tonry, II (#27310)
Raymond J. Brinson (#27187)
Andrew Dysart (#40602)
Tony, Brinson & Glorioso, LLC
245 Ponchartrain Drive
Slidell, LA 70458
Telephone: (985) 643-7007
richtonry@yahoo.com
raymondbrinson@yahoo.com
anndrewjd107@gmail.com

**Clerk of Court - *Via E-Filing***
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
300 North Boulevard
Baton Rouge, LA  70801

/s/ Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV

8